IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES NERO | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-16-852 |
| WARDEN, USP ALLENWOOD, *et al*. | * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Respondents filed an Answer to the above-captioned Petition for Writ of Habeas Corpus (ECF No. 3) and Petitioner filed a Reply (ECF No. 4). The petition challenges Petitioner James Nero's conviction for armed robbery in the Circuit Court for Montgomery County, Maryland. Although the petition was presented as one filed pursuant to 28 U.S.C. § 2241, it is appropriately analyzed under 28 U.S.C. § 2254 because it concerns a state criminal conviction.[1] Upon review of the papers filed, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition must be dismissed and a Certificate of Appealability shall not issue.

**Background**

Prior State Court Proceedings

On May 24, 2001, following a jury trial, Petitioner James Nero ("Nero") was convicted in the Circuit Court for Montgomery County of two counts of armed robbery, four counts of first degree assault, four counts of use of a handgun in the commission of a felony or crime of

---

[1] The subject-matter of the pleading filed, rather than the label chosen, controls the governing standard of law. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

violence, two counts of reckless endangerment, and one count of conspiracy to commit robbery. ECF No. 3 at Ex 2, p. 2; ECF No. 1 at p. 3. On August 1, 2001, the court sentenced Nero to 100 years in prison. ECF No. 3 at Ex. 2, p. 2.

On May 7, 2002, Nero's judgment of conviction was affirmed by the Maryland Court of Special Appeals in an unreported opinion. *Id*. at p. 45. The mandate issued on June 6, 2002. *Id*. at p. 46. Nero did not seek certiorari review in the Court of Appeals. The conviction became final on June 21, 2002, when the time for seeking further review expired. *See* Md. Rule 8-302.

On September 6, 2001, Nero filed a motion for reconsideration of sentence. ECF No. 3 at Ex. 1, p. 30 (state docket entries; docket entry #167). The motion, which was opposed by the state (*see id*. at docket entry #168), was denied by the Circuit Court on October 5, 2001. *Id*. at p. 31 (docket entry #171).

Respondents correctly note that Nero has never filed a petition for post-conviction relief in the state court. Nero did, however, file a request for production of documents on June 21, 2004, together with a motion to waive prepayment of costs. ECF No. 3 at Ex. 1, pp. 31 – 32 (docket entry # 176 and 177). On June 30, 2004, Judge Rupp of the Circuit Court denied Nero's motion. *Id*. at p. 32 (docket entry #178). On August 30, 2004, following the court's denial, Nero sent a letter to the court (*id*. at docket entry #179) and a response dated September 2, 2004 from Judge Rupp, is noted on the docket. *Id*. (docket entry #180). The response indicates that, "this will be treated as a letter to the court and the letter will not be entertained, defendant's request for production of documents was denied on June 30, 2004." *Id*.

Claims raised in this court

Nero is a prisoner confined in the Federal Bureau of Prisons United States Penitentiary in Allenwood, Pennsylvania. In the Petition for Writ of Habeas Corpus filed in this court, Nero

asserts that "the jurisdiction of Maryland" violated his right to due process by denying his request for a copy of the transcripts for his criminal trial so that he could raise a claim of ineffective assistance of trial counsel in collateral proceedings. ECF No. 1 at p. 4. He asserts that trial counsel was ineffective for failing to challenge the sufficiency of the evidence (*id*. at p. 6); committing so many "cumulative errors" (*id*. at pp. 6 – 7); failing to challenge the validity of the indictment (*id*. at p. 7); failing to investigate and familiarize himself with the case (*id*.); failing to investigate police reports and forensic reports (*id*.); failing to seek suppression of evidence and uncorroborated testimony (*id*. at p. 8); failing to object to the testimony of a detective regarding use and possession of firearms from another jurisdiction (*id.*); and failing to challenge "sentencing enhancement for Armed Career Criminal and Career Criminal for predicate offenses and prior convictions" (*id*.). Nero further asserts generally that had "counsel been more adversarial in testing the prosecution's case the outcome of [the trial] would have been different" because the evidence against him was "circumstantial at best." *Id*. at p. 10.

Nero also claims that during the "supposed testimony" of Mark Lee, he and his trial counsel were dismissed from the court room. *Id*. He asserts that Lee "could have retained exculpatory material relevant" to Nero's case because Lee's cooperation with the Montgomery County Police is the reason Nero was investigated. Nero states that Lee offered testimony and then recanted, but Nero never had the opportunity to challenge, refute, or correct the testimony given by Lee. *Id*. at p. 11.

**Standard of Review**

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is

satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. Respondents do not assert that the claims raised by Nero on direct appeal are unexhausted; indeed, Nero does not raise the claims asserted on direct appeal. The operative state court proceedings at issue here is Nero's failure to present his claims to the state court in a petition for post-conviction relief.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Crim. Proc., Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc., Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals for the claim to be considered exhausted for purposes of federal habeas relief. *Williams v. State*, 292 Md. 201, 210-11 (1981).

Under Maryland's Post-Conviction Act, a petition for post-conviction must be filed within 10 years of the date a criminal defendant is sentenced. Md. Crim. Proc., Code Ann. § 7-103(b). In order to file a petition outside of those time constraints, "extraordinary cause" must be established by the petitioner. *Id*. Nero's conviction is more than ten years old, thus the extraordinary cause standard would apply to any petition for post-conviction he attempts to file now.

In addition to the exhaustion requirement, Petitions for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. Under 28 U.S.C. § 2244(d).

    (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

            (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

            (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

            (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

            (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitation is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir.2000).

## Analysis

Respondents assert that the claims raised by Nero are both unexhausted and time-barred.  ECF No. 3.  In his reply, Nero argues that his petition is not time-barred because his efforts to pursue state post-conviction remedies were thwarted by the state's refusal to provide him with a copy of his transcript.  ECF No. 4 at p. 2.  He urges this court to find "extraordinary circumstances" with respect to his efforts over the past 10 to 15 years to obtain documents and

5

states that he had to file suit "through the district court to get it." *Id*. at pp. 2 – 3, *see also* ECF No. 1-1 at p. 5.

Nero filed a diversity action in this court on April 22, 2010, asserting a claim under Maryland's Public Information Act. *See Nero v. State of Maryland*, Civil Action DKC-10-1024 (D. Md.). On May 7, 2010, the Office of the Attorney General Courts and Judicial Affairs Division, filed correspondence with the court indicating that the documents Nero was seeking would be provided to him at no expense. ECF No. 1-1 at p. 5. Nero indicates in his reply that he prevailed in his 2010 claim against the State of Maryland. ECF No. 4 at p. 3.

Nero's assertion that he was prevented from filing a post-conviction petition because of obstacles created by the state, *i.e.,* he could not obtain a copy of his trial transcripts, does not excuse his failure to exhaust state remedies for the claims he raises in this court. The record here demonstrates that, despite having obtained the transcript six years ago, Nero has not attempted to present his claims of ineffective assistance of counsel to the state circuit court by way of post-conviction proceedings. Whether Nero may now be permitted to file a state post-conviction petition is a matter for the Circuit Court for Montgomery County to determine. This court may not reach the merits of the claims asserted by Nero when the state court has not considered them. The remaining issue regarding whether the instant petition is time-barred and whether Nero is entitled to an equitable tolling of the statute of limitations are matters to be addressed after the claims are exhausted in state court.

Accordingly, the Petition for Writ of Habeas Corpus shall be dismissed without prejudice by separate Order which follows. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Nero has failed to demonstrate that a debatable issue exists regarding the failure to exhaust state remedies, thus a certificate of appealability shall not issue.


August 29, 2016               _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge